UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

**WILLIAM AGUILAR and ALBERTO**
**MORENO, on behalf of themselves**
**and others similarly situated,**

<b>Plaintiffs,</b>

CLASS ACTION
COMPLAINT

FLSA COLLECTIVE
ACTION

-against-

**T BAR MANAGEMENT EAST, LLC**
**d/b/a TBAR STEAK & LOUNGE**
**and ANGELO TONY FORTUNA,**
**individually,**

<b>Defendants.</b>

------------------------------------------------------------------------X

   Plaintiff William Aguilar ("Aguilar") and Albert Moreno ("Moreno") (collectively "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorneys, Bruce E. Menken of Beranbaum Menken LLP and Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of TBar Management East, LLC d/b/a TBar Steak & Lounge ("TBar") and Angelo Tony Fortuna ("Fortuna") (collectively herein "Defendants"), allege the following:

<b><u>NATURE OF THE ACTION</u></b>

1. This is a class action brought on behalf of Plaintiffs and all similarly situated food service workers and kitchen employees to recover unpaid minimum wages and overtime compensation under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2. Plaintiffs and the collective and Rule 23 class worked (or currently work) at TBar. TBar is owned and operated by Defendants.

3. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former non-exempt workers (the "FLSA Collective Class") who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA perpetrated by Defendants, who own and operate TBar and employee the workers.

4. Plaintiffs also bring this action under the NYLL and Wage Theft Prevention Act to obtain unpaid overtime and unpaid minimum wages for Defendants' failure to pay proper wages and failure to provide written notice of wage rates in violation of said state laws. Plaintiffs seek to certify a class under Rule 23 on behalf of those food service workers and kitchen employees who were not paid overtime and/or provided written notices (Rule 23 Class).

5. Plaintiffs and the FLSA collective class and the Rule 23 Class seek injunctive and declaratory relief against Defendants for their unlawful actions, compensation for their failure to pay overtime wages, and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and the NYLL.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c) and 217; and 28 U.S.C. § 1337.

7. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred in this district

**PARTIES**

**Plaintiffs and the Putative Class**

9. Plaintiffs and others members of the putative class are former and current employees of TBar who worked as food service workers and/or kitchen employees.

10. From October 26, 2018 through March 22, 2019, Aguilar worked at TBar.

11. Aguilar worked as a busser.

12. From January 21, 2019 through February 26, 2019, Moreno worked as a busboy at Tbar.

13. Moreno also worked as a busser.

14. Plaintiffs were covered employees within the meaning of the FLSA and the NYLL.

**Defendant TBar**

15. Defendant TBar is a domestic limited liability company in the restaurant industry.

16. Defendant TBar is located at 1278 3rd Avenue, New York, New York 10021.

17. At all times relevant to this action, Defendant TBar was an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant TBar has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Defendant Angelo Tony Fortuna**

18. On information and belief, Defendant Angelo Tony Fortuna owns and/or maintains control, oversight and direction of TBar.

19. Defendant Fortuna is a person engaged in business in New York County, who is sued individually in his capacity as an owner, officer and/or agent of TBar.

20. On information and belief, Defendant Fortuna is the registered agent of TBar.

21. Defendant Fortuna exercises sufficient control over TBar to be considered Plaintiffs' employer under the NYLL, and at all times material hereto Defendant Fortuna had the authority to hire and fire employees and established and maintained policies regarding the pay practices at TBar.

22. Defendant Fortuna had substantial control over Plaintiffs and similarly situated employees' working conditions and practices alleged herein.

## FACTS

### TBar

23. TBar is a restaurant located on the upper east side of Manhattan.

24. TBar is a high-end steakhouse.

25. TBar has been in business since May 2008.

26. Upon information and belief, Fortuna owns TBar.

27. Upon information and belief, Fortuna determines the hours and wages of the staff of Tbar.

28. The schedule for employees who work lunch shifts at TBar is from approximately 10:30am to 3:30pm, often times later depending upon how busy the restaurant is at any given time.

29. The schedule for employees who work dinner shifts at TBar is from 4:00pm to at least 11:30pm Sunday through Thursday, and until 1am or 2am on Fridays or Saturdays.

30. The closing time for employees working the dinner shift is contingent upon how busy the restaurant is at any given time.

31. TBar does not require their employees to "clock in" or "clock out" or have any formal time keeping system to accurately monitor their employees' hours.

**Plaintiff William Aguilar's Employment at TBar**

32. From October 26, 2018 until March 22, 2019, Aguilar worked at TBar without interruption.

33. Aguilar was employed as a busser at TBar.

34. Aguilar is one of several food service workers who were not paid in compliance with the FLSA and NYLL.

35. For example, as discussed below, Moreno was also not paid in compliance with the FLSA and NYLL.

36. Aguilar was never required to "clock in" or "clock out" at TBar.

37. Aguilar would wipe down tables, clean the area and prepare the table for the next guests.

38. There were two distinct employment periods for Aguilar at TBar.

39. Throughout the first period ("Time Period One"), Aguilar was not paid any wages at all.

40. Throughout the second period ("Time Period Two"), Aguilar received weekly payments.

41. Throughout Aguilar's employment he always worked over 40 hours per week.

42. Throughout Aguilar's employment with Defendants as a non-exempt employee, he was not paid overtime in compliance with the FLSA and NYLL.

43. Defendants also did not provide Aguilar with an Annual Wage Notice in accordance with the NYLL.

44. Under the NYLL, employers are obligated to pay an extra hours' pay when employees work more than ten (10) hours a day.

45. Aguilar often worked more than ten (10) hours a day at TBar.

46. When Aguilar worked more than ten (10) hours a day, he was not paid an extra hour of pay.

47. By failing to pay Aguilar the extra hour of pay for when he worked ten (10) hours or more, Defendants violated the New York Spread of Hours law.

**Aguilar's Work Schedule and Salary**
**at TBar From October 26, 2018 Through February 2019 (Time Period One)**

48. Throughout Time Period One, Defendants did not pay Aguilar any wages whatsoever.

49. Instead, Aguilar relied solely on the tips he received as and for his compensation.

50. Throughout Time Period One, on average, Aguilar worked multiple 7-day weeks.

51. Throughout Time Period One, Aguilar worked a double shift (12 hours per day), at least 4 days per week.

52. Throughout Time Period One, if Aguilar was scheduled to work a double shift on the weekend, he would arrive to work at 10:00 AM and work through the dinner shift that could end as late as 2:00 AM.

53. When he did work a double shift, Aguilar was given a thirty-minute lunch break between shifts as and for his only break.

**Aguilar's Work Schedule and Salary**
**at TBar From February 2019 Through March 22, 2019 (Time Period Two)**

54. In Time Period Two, Aguilar began received a weekly salary of approximately $400 a week, exclusive of tips.

55. Throughout Time Period Two, Aguilar received pay stubs.

56. However, these paystubs were not accurate as they did not correctly list the amount of hours Aguilar worked.

57. Specifically, even though Aguilar always worked well over 40 hours a week, the paystubs (at most) would list Aguilar as having worked 41 hours.

58. Upon a review of Aguilar's paystubs and schedule, he was not paid the correct overtime premium pursuant to the NYLL and FLSA.

59. For example, Aguilar's paystub for the pay period between February 25, 2019 and March 3, 2019 states that Aguilar worked 40 total hours.

60. However, Aguilar's work schedule for that same time period lists 4 double shifts and 2 regular shifts. Copies of Aguilar's work schedule and corresponding paystub are annexed hereto as Exhibit A.

61. Pursuant to this schedule, Aguilar worked at least 58 hours per week.

62. Aguilar, though, was only paid for the first 40 hours he worked.

63. Defendants owe Aguilar overtime pay at time and one half the regular hourly minimum wage.

**Plaintiff Alberto Moreno's Employment at TBar**

64. From January 21, 2019 until February 26, 2019, Moreno worked at TBar without interruption.

65. Moreno was employed as a busser at TBar.

66. Moreno was never required to "clock in" or "clock out" at TBar.

67. Moreno would wipe down tables, clean the area and prepare the table for the next guests.

68. Throughout Moreno's employment with Defendants, he averaged 48 hours per week.

69. Throughout Moreno's employment with Defendants, even though Moreno was not exempt, Moreno was not paid overtime in compliance with the FLSA and NYLL.

70. Defendants also did not provide Moreno with an Annual Wage Notice in accordance with the NYLL.

71. Under the NYLL, employers are obligated to pay an extra hour of pay when employees work more than ten (10) hours a day.

72. Moreno often worked more than ten (10) hours a day at TBar.

73. When Moreno worked more than ten (10) hours a day, he was not paid an extra hour of pay.

74. By failing to pay Moreno the extra hour of pay for when he worked ten (10) hours or more, Defendants violated the New York Spread of Hours law.

**Moreno's Work Schedule and Salary at TBar**

75. Moreno received a weekly salary of $400 a week.

76. On a weekly basis, Moreno received pay stubs at TBar.

77. However, these paystubs were not accurate as they did not correctly list the amount of hours Moreno worked.

78. Specifically, even though Moreno always worked well over 40 hours a week, the paystubs (at most) would list Moreno as having worked 41 hours.

79. Upon a review of Moreno's paystubs and schedule, he was not paid the correct overtime premium pursuant to the NYLL and FLSA.

80. Defendants owe Moreno overtime pay at time and one half the regular hourly minimum wage.

**Defendants Did Not Correctly**
**Apply the NYLL Tip Credit to Plaintiffs**

81. Defendants incorrectly applied the tip credit to Plaintiffs.

82. First, Defendants failed to provide notice to Plaintiffs, upon hire, that they were being paid less than the regular minimum wage.

83. Second, Defendants never told Plaintiffs which portion of their minimum wage was being compensated in tip credit.

84. Third, Defendants failed to correctly apply the tip credit because they did not notify Plaintiffs on each paystub (when they actually paid Plaintiffs) that Defendants were paying them less than the minimum wage because they were receiving tips. *See* Exhibit A.

85. Fourth, Defendants failed to comply with the tip credit provisions because they did not notify Plaintiffs of their compensation.

**Defendants' Practices Regarding the**
**Wages and Hours of Other Employees**

86. Bussers and food runners were paid in a manner similar to Aguilar and Moreno.

87. Kitchen workers were paid a flat rate of $100 per day regardless of the hours they worked.

88. Kitchen workers' pay was not inclusive of overtime.

**Defendants' Violations of the Wage Theft Prevention Act**

89. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

90. Throughout Plaintiffs' employment, Defendants paid Plaintiffs' wages without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

91. Plaintiffs were never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

92. Upon information and belief, wage notices were never given to or signed by any other employee at TBar.

## FLSA COLLECTIVE ACTION ALLEGATIONS

93. The claims in this Complaint arising out of the FLSA are brought by Plaintiffs on behalf of themselves and other similarly situated food service workers and kitchen

employees who are current and former employees of TBar since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

94. The FLSA Collective Plaintiffs consist of more than 50 similarly situated current and former employees of Defendants, who have been victims of Defendants' policies and practices that have violated their rights under the FLSA, by *inter alia,* willfully denying them minimum wages and overtime wages.

95. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective Plaintiffs.

96. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective Plaintiffs. This policy and pattern or practice includes, but is not limited to:

  (a)  failing to pay employees the applicable minimum wage rate for all time worked up to forty (40) hours per week;

  (b)  failing to pay employees, including Plaintiffs and the FLSA Collective Plaintiffs, the appropriate premium overtime wages for hours worked in excess of 40 hours per workweek; and

  (c)  failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective Plaintiffs, have worked for the benefit of Defendants.

97. Defendants' unlawful conduct, as described in this Complaint, is pursuant to a company policy or practice of minimizing labor costs by failing to adequately compensate Plaintiffs and the FLSA Collective Plaintiffs for the hours and overtime hours worked.

98. Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the FLSA Collective Plaintiffs minimum wage and overtime premiums for hours worked in excess of 40 per workweek.

99. Plaintiffs and the FLSA Collective Plaintiffs perform or performed the same primary duties and were subject to the same policies and practices by Defendants.

100. Defendants' unlawful conduct is widespread, repeated and consistent.

101. There are many similarly situated current and former non-exempt workers who have been denied overtime wages and minimum wages in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.   This notice should be sent to the FLSA Collective Plaintiffs pursuant to 29 U.S.C. § 216(b).

102. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

103. **Proposed Class.**  The proposed class comprises all individuals who worked for Defendants as food service workers and kitchen employees during the applicable period.

104. All class members were not paid correctly in accordance with the NYLL.

105. All class members were not provided with wage notices and wage statements as required by the NYLL.

106. These class members worked more than 40 hours per week for Defendants.  The class members, though, were not paid overtime in compliance with the NYLL in that they were not paid time and one half for all work performed after 40 hours.

107. Class members were also not paid spread of hours pay in accordance with the NYLL.

108. The food service workers and kitchen employees were further not paid minimum wage in compliance with the NYLL for all work performed up to 40 hours per week.

109. **Ascertainability.** The identity of all class members is readily ascertainable from Defendants' records, and class notice can be provided to all class members by means permitted by Rule 23 of the Federal Rules of Civil Procedure. To be effective, class notice should be provided not only through written communication to each class member's last known address as reflected in Defendants' records, but also through Spanish language newspaper and radio announcements, workplace postings, and other alternative means of notice designed to reach this class of transient, non-English speaking restaurant workers. Many class members are no longer employed by Defendants, cannot be reached at the last known address in Defendants' records, and do not have access to traditional English-speaking media.

110. **Numerosity.** The size of the class makes a class action both necessary and efficient. The size of the class consists of more than 50 employees. The class is so numerous that joinder is impracticable.

111. **Common Questions Of Law and Fact.** This case poses common questions of law and fact affecting the rights of all class members, including:

    a) Whether Defendants' policies and practices regarding payment of minimum wage compensation was compliant with the FLSA and NYLL;

    b) Whether Defendants' policies and practices regarding payment of overtime compensation was compliant with the FLSA and NYLL;

    c) Whether Defendants' policies and practices regarding payment of spread-of-hours compensation was compliant with the NYLL;

13

d) Whether wage notifications provided by Defendants to Plaintiffs were compliant with the New York Wage Theft Prevention Act; and,

e) Whether wage statements provided by Defendants to Plaintiffs were compliant with the New York Wage Theft Prevention Act.

112. **Typicality.**  The claims of the individual Plaintiffs are typical of the claims of the class as a whole.  Defendants' unlawful wage policies and practices, which have operated to deny Plaintiffs the overtime, minimum wage and spread of hours compensation required by law, are typical of the unlawful wage policies and practices that have and will continue to operate to deny other class members lawful compensation.

113. **Adequacy of Class Representation.**  The two named Plaintiffs can adequately and fairly represent the interests of the class as defined above, because their individual interests are consistent with, and not antagonistic to, the interests of the class.

114. **Propriety of Class Action Mechanism.**  Defendants have implemented a series of unlawful schemes that are generally applicable to the class, making it appropriate to issue final injunctive relief and corresponding declaratory relief with respect to the class as a whole.  Class certification is also appropriate because the common questions of law and fact predominate over any questions affecting only individual members of the class.  The prosecution of separate actions against Defendants by individual class members would create a risk of inconsistent or varying adjudication, which would establish incompatible standards of conduct for Defendants.  For all these and other reasons, a class action is superior to other available methods for the fair and efficient adjudication of the controversy set forth in this Complaint.

115. This action is properly maintainable as a class action under Federal Rules of Civil Procedure ("FRCP") 23(b)(2) and 23(b)(3).

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act-Minimum Wages**
**(Brought on Behalf of Plaintiffs and the FLSA Collective Plaintiffs)**

116. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, re-allege and incorporate by reference all allegations in all preceding paragraphs.

117. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

118. At all times relevant, Plaintiffs and the FLSA Collective Plaintiffs were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. § 203. At all relevant times, each Defendant has employed "employee[s]," including Plaintiffs and the FLSA Collective Plaintiffs.

119. Defendants were required to pay directly to Plaintiffs and the FLSA Collective Plaintiffs the applicable federal minimum wage rate for all hours worked.

120. Defendants failed to pay Plaintiffs and the FLSA Collective Plaintiffs the minimum wages to which they are entitled under the FLSA.

121. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective Plaintiffs.

122. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 28 U.S.C. §§ 201 *et seq*.

123. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**SECOND CAUSE OF ACTION**
**New York Labor Law—Failure to Pay Minimum Wage**
**<u>(Brought on Behalf of Plaintiffs and the Rule 23 Class)</u>**

124. Plaintiffs and the class re-allege and incorporate by reference all allegations in all preceding paragraphs.

125. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

126. At all times relevant, Plaintiffs and the class have been employees of Defendants, and Defendants have been employers of Plaintiffs and the class within the meaning of the NYLL §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

127. At all times relevant, Plaintiffs and the class were covered by the NYLL.

128. The wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs and the class.

129. Defendants failed to pay Plaintiffs and the similarly situated class of bussers, food runners and kitchen workers the minimum hourly wages to which they are entitled

under the NYLL and the supporting New York State Department of Labor Regulations.

130. Through their knowing or intentional failure to pay minimum hourly wages to Plaintiffs and the class, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

131. Due to Defendants' willful violations of the NYLL, Plaintiffs and the class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided by the NYLL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

**THIRD CAUSE OF ACTION**
**Fair Labor Standards Act-Overtime Wages**
**(Brought on Behalf of Plaintiffs and the FLSA Collective Plaintiffs)**

132. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, re-allege and incorporate by reference all allegations in all preceding paragraphs.

133. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the FLSA Collective Plaintiffs.

134. Plaintiffs and the FLSA Collective Plaintiffs worked in excess of forty hours throughout the relevant period.

135. Defendants willfully failed to pay Plaintiffs and the FLSA Collective Plaintiffs the appropriate overtime premiums for all hours worked in excess of 40 hours per workweek, as required by the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations.

136. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants are aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective Plaintiffs.

137. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq*.

138. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

### FOURTH CAUSE OF ACTION
### Unpaid Overtime Wages Under New York Labor Law
### (Brought on Behalf of Plaintiffs and the Rule 23 Class)

139. Plaintiffs and the class re-allege and incorporate by reference all allegations in all preceding paragraphs.

140. At all times relevant to this action, Plaintiffs and the class were employed by Defendants within the meaning of NYLL § 652 and 12 NYCRR §142-2.2.

141. Defendants failed to pay Plaintiffs and the class the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NYLL.

142. Defendants' failure to pay required overtime was willful.

143. As a result of Defendants' NYLL violations, Plaintiffs and the class are entitled to recover from Defendants unpaid overtime wages and liquidated (double) damages,

as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NYLL.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Annual Wage Notices
### <u>(Brought on Behalf of Plaintiffs and the Rule 23 Class)</u>

144. Plaintiffs and the class re-allege and incorporate by reference all allegations in all preceding paragraphs.

145. Defendants willfully failed to supply Plaintiffs and the class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff and the class in their primary language, containing Plaintiffs' and the classes' rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

146. Through their knowing or intentional failure to provide Plaintiffs and the class wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq*.

147. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiffs and the class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs and the class with wage notices, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## SIXTH CAUSE OF ACTION
### New York Labor Law- Failure to Provide Wage Statements
### <u>(Brought on Behalf of Plaintiffs and the Rule 23 Class)</u>

148. Plaintiffs and the class re-allege and incorporate by reference all allegations in all preceding paragraphs.

149. Defendants willfully failed to supply Plaintiffs and the class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

150. Through their knowing or intentional failure to provide Plaintiffs and the class with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq*., and the supporting New York State Department of Labor Relations regulations.

151. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiffs and the class are entitled to statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff and the class with accurate wage statements, or a total of five thousand dollars, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## SEVENTH CAUSE OF ACTION
### New York Labor Law - Spread-of-Hours Pay
### (Brought on Behalf of Plaintiffs and the Rule 23 Class)

152. Plaintiffs and the class re-allege and incorporate by reference all allegations in all preceding paragraphs.

153. Throughout their employment, Plaintiffs and the class frequently worked more than ten hours in a workday.

154. Defendants willfully failed to compensate Plaintiffs and the class with an extra hour's pay at the basic New York minimum hourly wage rate on days in which the length of their workday was more than ten hours, as required by New York law.

155. Through their knowing or intentional failure to pay Plaintiffs and the class spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

156. Due to Defendants' willful violations of the NYLL, Plaintiff and the class are entitled to recover from Defendants their unpaid spread-of-hour wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for the entry of an order and judgment against Defendants TBar Management East, LLC d/b/a TBar Steak and Lounge and Angelo Tony Fortuna, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising

them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of this case as a class action pursuant to Rule 23 of the FRCP;

(c) Designation of the two named Plaintiffs as representatives of the Rule 23 Class and counsel of record as Class Counsel;

(d) Damages for unpaid minimum wages in an amount to be determined at the trial of the action, along with liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(e) Damages for the unpaid minimum wages, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations, and interest, attorneys' fees, and the cost of the action;

(f) Damages for the unpaid overtime wages in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the cost of the action;

(g) Damages for unpaid overtime wages in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(h) Damages for unpaid spread-of-hours in an amount to be determined at the trial of the action, liquidated damages as provided by the NYLL, interest, attorneys' fees, and the cost of the action;

(i) Penalties of fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(j) Penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiff and the Rule 23 Class with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(k) For pre-judgment and post-judgment interest on the foregoing amounts;

(l) For the costs and disbursements of the action, including attorneys' fees; and

(m) For such other further and different relief as the Court deems just and proper.

Dated:  April 30, 2019
      New York, New York

Respectfully submitted,

**BERANBAUM MENKEN LLP**

*/s Bruce E. Menken*
Bruce Menken

**LAW OFFICES OF JACOB ARONAUER**

*/s/ Jacob Aronauer*
Jacob Aronauer

*Attorneys for Plaintiff*